UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MORGAN HARKER,<br><br>Plaintiff,<br><br>v.<br><br>BARGERSVILLE COMMUNITY FIRE PROTECTION DISTRICT,<br><br>Defendant. | ) | No. 1:26-cv-01706-JRS-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Claim for Relief of Punitive Damages in Counts I, II, and III of Plaintiff's claim. [Dkt. 10.] Plaintiff has failed to respond to the motion, and her time to do so has passed. On September 30, 2026, District Judge James Russell Sweeney, II, designated the undersigned Magistrate Judge to issue a report and recommendation regarding the disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 16.] As explained briefly below, the undersigned recommends that Defendant's motion be **GRANTED**.

Plaintiff Morgan Harker was formerly employed as a firefighter with Defendant Bargersville Community Fire Protection District. [Dkt. 1 ¶ 7.] Her employment with Defendant was terminated while she was on medical leave for a concussion, and subsequent post-concussive syndrome, resulting from an on-the-job injury. According to her employer, Plaintiff was terminated because, amongst other reasons, she lacked the physical strength necessary to perform her job, but Plaintiff alleges that she was fired because Defendant refused to provide her with accommodations for injury. *Id.* ¶¶ 9–12, 16, 24–26, 33. Plaintiff also alleges that she was not given the same training opportunities as similarly situated male employees and was not

afforded the same accommodations for her injury that other male employees received. *Id.* ¶¶ 13, 16–17, 32.

Plaintiff asserts claims under, *inter alia*, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") against Defendant for its adverse employment actions and seeks punitive damages for those claims. [Dkt. 1 ¶¶ 14–35 (Count I–III of the Complaint).] 42 U.S.C. § 1981a(b)(1) permits recovery of punitive damages by plaintiffs bringing claims under Title VII and the ADA, unless the defendant is a government, government agency, or political subdivision. Defendant asks the Court to strike Plaintiff's claims for punitive damages, arguing that, as a fire protection district, it is a political subdivision that enjoys immunity from punitive damages awards under 42 U.S.C. § 1981a(b)(1).[1] [Dkt. 11, ¶¶ 6–9.]

42 U.S.C. § 1981a leaves the term "political subdivision" undefined. So, to determine whether Defendant is a "political subdivision," the Court will employ the ordinary usage of the term: " '[a] division of a state that exists primarily to discharge some function of the local government[.]' " *Northwest Austin Mun. Utility Dis. No. One v. Holder*, 557 U.S. 193, 206 (2009) (quoting Black's Law Dictionary 1197 (8th ed. 2004)); *see Mullin v. Doe*, 609 U.S. 324, 342 (2026) ("Statutory interpretation proceeds on the assumption that those who draft and enact a provision generally intend its terms to mean what they mean in ordinary usage."). "The primary function of any local governmental entity is the provision of services such as police and **fire protection**, public schools, hospitals, transportation, and libraries, as well as quasi-utility functions such as water, garbage, and sewage services." *Tomczak v. City of Chicago*, 765 F.2d

[1] Defendant's motion cites 42 U.S.C. § 1981(a) as the statutory authority for its request, while its memorandum in supports cites to both 42 U.S.C. § 1981(a) and 42 U.S.C. § 1981a. The Court will assume that any cite to 42 U.S.C. § 1981(a) was in error, as that statute provides a statement of equal rights under the law, while 42 U.S.C. § 1981a touches on the availability of punitive damages in actions brought under Title VII and the ADA.

633, 641 (7th Cir. 1985) (emphasis added). Under Indiana law, fire protection districts are established by counties' legislative bodies for functions related to fire protection, fire prevention, emergency medical services, and prevention of certain catastrophic hazards. *See* Ind. Code § 36-8-11-4. Relatedly, fire protection districts are classified as political subdivisions under Indiana law. *See* Ind. Code. § 36-1-2-13 ("'Political subdivision' means municipal corporation or special taxing district."); Ind. Code. § 36-1-2-10 (classifies fire protection districts as municipal corporations). Fire protection districts in Indiana are therefore "political subdivisions" within the meaning of term as used in 42 U.S.C. § 1981a(b)(1) and, thus, Defendant is entitled to immunity from Plaintiff's requests for punitive damages. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Strike [Dkt. 10] be **GRANTED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 13 OCT 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.